UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ERIC RURAL HANNA,

                Petitioner,

v.

MIKE BROWN,

                Respondent.

_____/

Case No. 2:22-cv-96

Honorable Maarten Vermaat

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

Based on the petition and supporting materials, it appears that the petition is untimely. Although the Court may *sua sponte* dismiss an untimely petition, the Court must afford Petitioner notice of such a dismissal and an opportunity to be heard. *Day*, 547 U.S. at 210; *Acosta v. Artuz*,

221 F.3d 117, 124 (6th Cir. 2000). Accordingly, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I.      Factual Allegations

Petitioner Eric Rural Hanna is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan.   On November 8, 2013, following a three-day jury trial in the Chippewa County Circuit Court, Petitioner was convicted of nine offenses: three counts of assault with intent to commit great bodily harm less than murder (AGBH), in violation of Mich. Comp. Laws § 950.84; five counts of assault with a dangerous weapon (felonious-assault), in violation of Mich. Comp. Laws § 750.82; and one count of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b. On January 30, 2014, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to prison terms of 2 years, 10 months to 20 years on each of the AGBH convictions, 2 years, 1 month to 8 years on each of the felonious-assault convictions, and 16 years, 8 months to 60 years on the CSC-I conviction.

On May 9, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on May 9, 2022. (Pet., ECF No. 1, PageID.14.)

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal the judgment of conviction to the Michigan Court of Appeals and then the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 28, 2016. *People v. Hanna*, 880 N.W.2d 240 (Mich. 2016). Petitioner did not file a petition for certiorari to the United States

Supreme Court. *Hanna v. Trierweiler*, No. 1:17-cv-656 (W.D. Mich.) (ECF No. 1, PageID.4.) (herein *Hanna I*). Instead, Petitioner filed the petition in *Hanna I* on July 10, 2017. *Id*.

In *Hanna I*, Petitioner asked the Court to stay his habeas proceedings and hold them in abeyance while he exhausted additional claims in the state court by way of a motion for relief from judgment. Petitioner represented to the Court he had filed such a motion in the Chippewa County Circuit Court at the same time he filed his habeas petition. This Court denied that relief because, based on Petitioner's representations, he had filed a motion for relief from judgment that would toll the period of limitation. Because Petitioner had more than 60 days remaining in the period of limitation at the time his reported filing tolled the period, the "stay and abeyance" remedy was not appropriate. *Hanna I* (Op., ECF No. 10, PageID.96.) Accordingly, the Court dismissed the petition.

Petitioner's current petition indicates that he, in fact, pursued a motion for relief from judgment in the Chippewa County Circuit Court. But it is not entirely clear when he filed it. In *Hanna I*, he claimed it was filed on July 10, 2017. In his present petition, he claims he filed it on June 27, 2017. (Pet., ECF No. 1, PageID.3.) But in the state court materials Petitioner attaches to his petition, he states that the motion was filed on June 1, 2018. (Pet'r's Appl. for Leave to Appeal, ECF No. 1-1, PageID.24.)

Although Petitioner's representations regarding the filing date of the motion are inconsistent, it is clear that the motion was denied on February 10, 2020. (Chippewa Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.20.) Petitioner then, with the assistance of counsel, filed an application for leave to appeal to the Michigan Court of Appeals. That court denied leave by order entered March 18, 2021. Petitioner filed a *pro per* application for leave to appeal to the Supreme Court, which that court denied by order entered March 8, 2022. *People v. Hanna*, 970 N.W.2d 323 (Mich. 2022). This petition followed.

Petitioner's conviction became final on Monday, September 26, 2016. Petitioner had one year from that date, or until Tuesday, September 26, 2017, in which to file his habeas application. Petitioner filed on May 9, 2022. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner's motion for collateral review remained pending until March 8, 2022. He filed his petition 62 days later, on May 9, 2022.

Whether that filing is timely depends entirely on when he filed his motion for relief from judgment in the Chippewa County Circuit Court. If he filed on or before July 26, 2017, his petition is timely. If he first filed the motion after that date, however, his petition is untimely because the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotes omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Thus, Petitioner's motion for relief from judgment, if first filed after July 26, 2017, would not render the present petition timely absent some other tolling of the period of limitation.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See,*

*e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, the petition does not include allegations that suggest Petitioner would be entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a

petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore based on the materials he has submitted may be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely. Petitioner can explain the inconsistency in his allegations regarding the date his motion for relief from judgment was filed or resolve it by providing a register of actions from his Chippewa County criminal case or a stamped "filed" copy of his motion for relief from judgment.

An order consistent with this opinion will be entered.


Dated:     May 19, 2022                                 /s/ *Maarten Vermaat*
                                                        Maarten Vermaat
                                                        United States Magistrate Judge